UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL RODRIGUEZ FERRER,

      Petitioner,

    v.                            Case No.:  2:26-cv-01501-SPC-DNF

U.S. DEPARTMENT OF
HOMELAND SECURITY,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Manuel Rodriguez Ferrer's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5). For the below reasons, the Court grants the petition.

Rodriguez Ferrer native of Cuba who entered the United States on July 12, 2016, and was later paroled. After learning he attempted to assist other Cubans enter the United States, the Department of Homeland Security commenced removal proceedings, and an immigration judge ordered Rodriguez Ferrer removed to Cuba on December 27, 2018. ICE could not remove Rodriguez Ferrer, so it released him under an order of supervision on March 29, 2019. Rodriguez Ferrer has faithfully complied with all terms of the order. He currently resides in Florida with his U.S. citizen wife and U.S. citizen child. On April 13, 2026, Border Patrol arrested Rodriguez Ferrer based on his

immigration status.  He is currently detained at Alligator Alcatraz.  Rodriguez Ferrer claims ICE detained him arbitrarily and without due process.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Rodriguez Ferrer's favor.  First, his interest in freedom from detention "lies at the heart of the liberty" the Due

Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. The government's actions gave Rodriguez Ferrer no opportunity to contest the reasonableness of his detention. ICE did not give Rodriguez Ferrer notice of the reason for his detention or an opportunity to address it. What is more, the Court recognizes significant value in the safeguards established by 8 C.F.R. § 241.13(i), the regulation governing revocation of an order of supervision. The safeguards include notice of the reason for revocation and a prompt informal interview to address the reason. Neither occurred here. Without notice and an interview, there is nothing to ensure immigration detention serves is statutory purposes and is used in accordance with the laws enacted by Congress.

Third, while the government has a legitimate interest in executing removal orders, ICE does not show how Rodriguez Ferrer's detention serves that interest. To start, there is no evidence that ICE can remove Rodriguez Ferrer. What is more, Rodriguez Ferrer complied with the terms of supervision, including the reporting requirements. If removal becomes likely, ICE should have no trouble bringing Rodriguez Ferrer back into custody for the purpose of executing the removal order.

For these reasons, the Court finds that ICE violated Rodriguez Ferrer's Fifth Amendment rights by detaining him without process.

Accordingly, it is hereby

**ORDERED:**

Manuel Rodriguez Ferrer's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Rodriguez Ferrer within 24 hours of this Order and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record